Joseph Scott STUBER, Petitioner–
Appellant,

v.

Mike HILL, Sheriff; Attorney General
of Kansas; L.E. Bruce, Warden of the
Hutchinson Correctional Facility,
Hutchinson, Kansas, Respondents–Appellees.

No. 01–3363.

United States Court of Appeals,
Tenth Circuit.

Oct. 28, 2002.

Joseph Scott Stuber, Hutchinson, KS, for Petitioner–Appellant.

Jared S. Maag, Kristafer R. Ailslieger, Topeka, KS, for Respondent–Appellee.

Before HENRY and HOLLOWAY, Circuit Judges, and BRORBY, Senior Circuit Judge.

## ORDER AND JUDGMENT*

HENRY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Joseph Scott Stuber appeals from the district court's denial of his habeas petition, filed pursuant to 28 U.S.C. § 2254, following his conviction in Kansas of state securities violations. We have jurisdiction over this appeal by virtue of 28 U.S.C. §§ 1291 and 2253(a). Appellant raised three issues in the district court, which he also argues on appeal. To proceed on appeal before this court, appellant must

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

obtain a certificate of appealability (COA), as set out in 28 U.S.C. § 2253(c). The district court granted him a COA on one issue; we construe appellant's arguments on the remaining two issues as a request for a COA.

■ The issue on which a COA was granted challenges the state appellate court's conclusion, with which the district court agreed, that jurisdiction existed for appellant's prosecution under Kansas law by virtue of a provision of the Commodity Exchange Act (CEA) providing an exception to the otherwise exclusive jurisdiction of the Commodity Futures Trading Commission. *See* 7 U.S.C. § 16(e)(1)(C). Appellant challenges the district court's conclusion that Kansas had jurisdiction to prosecute him by distinguishing cases cited by the district court and disagreeing with its interpretation of legislative history regarding the amendment of the CEA. He also takes issue with findings by the Kansas Court of Appeals on his direct appeal. To the extent that appellant raises new arguments or theories on appeal, we decline to consider them. *See Tele–Communications, Inc. v. Comm'r,* 104 F.3d 1229, 1233 (10th Cir.1997).

Our review of the record on this argument leads us to conclude that, for substantially the reasons stated in the district court's Memorandum and Order, dated October 26, 2001, appellant has not demonstrated that the state appellate court's decision on this issue was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2); *see Valdez v. Ward,* 219 F.3d 1222, 1229–30 (10th Cir.2000) (discussing *Williams v. Taylor,* 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)), *cert. denied,* 532 U.S. 979, 121 S.Ct. 1618, 149 L.Ed.2d 481 (2001). Therefore, on this issue, the judgment of the United States District Court for the District of Kansas is AFFIRMED.

■ After consideration of the record and appellant's arguments on the remaining issues on which he seeks a COA, we conclude, in light of the applicable law, that, for substantially the reasons set forth in the district court's Memorandum and Order, appellant has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Therefore, his implied request for a COA is DENIED and the appeal is DISMISSED as to these issues. Appellant's motion for bail pending habeas appeal, governed by Fed. R.App. P. 23, is DENIED as moot.